IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-04053-01-CR-C-NKL |
| | ) | |
| SHAKIR ABDUL-KAFI | ) | **UNDER SEAL** |
| AL ANI HAMOODI, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DOWNWARD DEPARTURE
FROM SENTENCING GUIDELINES RANGE**

The United States of America, by and through the Acting United States Attorney, pursuant to U.S. Sentencing Guidelines § 5K1.1, moves for a downward departure from the United States Sentencing Guidelines range of imprisonment for Defendant SHAKIR ABDUL-KAFI AL ANI HAMOODI for the following reasons:

The United States Probation Office has submitted its Presentence Investigation Report, recommending that the Court find a Total Offense Level of 25 and a Criminal History Category of I, for which the Guidelines advisory sentencing range is 57 to 60 months imprisonment.[1] However, due to Defendant's cooperation and substantial assistance in the investigation and anticipated prosecution of others, the Government submits that departure from the Guidelines range is warranted in this case.

---

[1] The applicable Guidelines range of 57-71 months is capped at 60 months due to the statutory maximum term of imprisonment for the charge to which the Defendant pled guilty. *See* 18 U.S.C. § 371.

Section 5K1.1 of the Guidelines provides that, upon motion of the Government advising the Court that a defendant has made a good faith effort to provide substantial assistance in the investigation and/or prosecution of another person who has committed an offense, the Court may depart from the Guidelines. This section provides the following five reasons why the Court may consider departure:

1. The Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. The truthfulness, completeness and reliability of any information or testimony provided by the defendant;

3. The nature and extent of the defendant's assistance;

4. Any injury suffered, or any danger or risk of injury, to the defendant or his/her family resulting from his/her assistance; and

5. The timeliness of the defendant's assistance.

A similar provision as to mandatory statutory sentences is found at Title 18, United States Code, Section 3553(e).

In the instant case, Defendant Hamoodi cooperated post-indictment, by providing information to agents of the Federal Bureau of Investigation ("FBI") conducting an ongoing national security investigation. Defendant Hamoodi participated in four proffer sessions with the FBI after entering his guilty plea, wherein he gave substantial information relating to this ongoing investigation. Defendant Hamoodi's information also corroborated statements made by other individuals interviewed by the FBI during the course of the investigation. Defendant Hamoodi has also agreed to truthfully testify at any hearing or trial as requested by the Government, but as of today it is

uncertain when or if an opportunity to testify will arise. That said, the Government credits Defendant Hamoodi's willingness to testify as it allows the Government to proceed in its ongoing investigation with the belief that Hamoodi is a cooperating witness who will bolster the Government's case if the investigation results in a trial. Should Defendant Hamoodi eventually have an opportunity to testify for the Government, the Government may return to this Court to make a Rule 35 motion for further reduction of sentence and lay out the value, if any, of his assistance to the Government's case.

Defendant Hamoodi's cooperation was timely and helpful, and he made himself available at all meetings as requested by the Government. The Government believes his cooperation qualifies as "substantial assistance." Therefore, the Government submits that the policy statements under § 5K1.1 and 18 U.S.C. § 3553(e) have been met, and a departure downward from the Sentencing Guidelines for the Defendant is justified.

Regarding how to evaluate or quantify the Defendant's assistance, the Government notes that the Defendant's assistance has bolstered an existing investigation by supplying inculpatory information about a subject of the investigation and being willing to testify at any trial that results. On the scale of "substantial assistance," this is at the lower end in that no charges were brought or plea obtained based on the Defendant's assistance, the Defendant did not actually testify, place himself at risk, or provide evidence that led to new defendants being prosecuted or new charges being identified. These facts are the basis for the Government's recommendation here.

In the instant case, the Sentencing Guidelines range of 57-60 months provides a fair and reasonable range of punishment for the Defendant in the absence of his substantial cooperation. Taking into account the substantial cooperation Defendant Hamoodi has provided in this case, the

Government believes that a sentence of 48 months imprisonment is warranted. This represents an appropriate sentence, given the nature of the offense conduct and the nature and quality of the Defendant's assistance to the United States.

**WHEREFORE**, the Government requests that this Honorable Court depart downward from the Sentencing Guidelines range, and sentence Defendant Hamoodi to forty-eight (48) months' imprisonment.

Respectfully submitted,

**David M. Ketchmark**
Acting United States Attorney

By      /S/

**Anthony P. Gonzalez**
Assistant United States Attorney

By      /S/

**J. Daniel Stewart**
Assistant United States Attorney

By      /S/

**Garrett M. Heenan**
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

-4-

Case 2:09-cr-04053-NKL   Document 24   Filed 05/09/12   Page 4 of 4